[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1395 
OPINION
Defendant Raul Rodriguez Linarez fired at a group of rival gang members from a car, wounding the victim in the abdomen. He pled no contest to assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1] and admitted that he personally used a firearm in the commission of that offense (§ 12022.5, subd. (a)(1)). Pursuant to the plea agreement, the court dismissed street gang enhancement allegations (§ 186.22, subd. (b)(1)(A), (4)(B)) and a great bodily injury enhancement allegation (§ 12022.55). Defendant was sentenced to the upper term of four years for assault with a firearm and a consecutive term of 10 years for the firearm use enhancement.
 In entering his plea, defendant agreed to a Harvey waiver (People v.Harvey (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]) in which he stipulated that when imposing sentence, the trial court could consider defendant's prior criminal history and the "entire factual background of the case, including any unfiled, dismissed or stricken charges or allegations." We conclude this constituted a waiver of his right to a jury trial on some of the aggravating factors used by the court to impose the upper term.
 Therefore, we reject defendant's claim of Cunningham error (Cunninghamv. California (2007) 549 U.S. ___ [166 L.Ed.2d 856, 127 S.Ct. 856] (Cunningham)) and will affirm the judgment. *Page 1396 
 FACTUAL AND PROCEDURAL BACKGROUND When pleading no contest, defendant made two stipulations which resolve the issues raised in this appeal. First, defendant stipulated: "[T]HERE IS A FACTUAL BASIS FOR MY PLEA(S) [AND ADMISSION(S)] AND I FURTHER STIPULATE THE COURT MAY TAKE FACTS FROM PROBATION REPORTS, POLICE REPORTS OR OTHER SOURCES AS DEEMED NECESSARY TO ESTABLISH THE FACTUAL BASIS." Second, he stipulated by Harvey waiver that "THE SENTENCING JUDGE MAY CONSIDER MY PRIOR CRIMINAL HISTORY AND THE ENTIRE FACTUAL BACKGROUND OF THE CASE, INCLUDING ANY UNFILED, DISMISSED OR STRICKEN CHARGES OR ALLEGATIONS OR CASES WHEN GRANTING PROBATION, ORDERING RESTITUTION OR IMPOSING SENTENCE." Defendant also acknowledged on the plea form that the court could sentence him to a maximum, aggravated term of 14 years, and could impose consecutive sentences.
 The probation report summarized the facts of the case. Defendant and his codefendant, members of Varrio Chico Norte, a Norteño criminal street gang, drove toward a group of rival gang members after flashing gang signs. When their car was within 10 feet of the group, defendant fired from the passenger window. Defendant admitted in his interview with the probation officer that he pointed the gun to threaten the crowd and fired when the gun did not scare them.
 The probation report also revealed that at the time of the shooting, defendant was on juvenile wardship probation for two felony counts of violating section 186.22, subdivision (d), engaging in criminal street gang activity. Defendant had been released from placement at a group home three weeks before the shooting because he had reached the age of 18. The probation report indicated that defendant's prior performance on probation had been unsatisfactory.[2]
 At sentencing, the court indicated that it had read the probation report and stated several reasons for imposing the aggravated term for the underlying offense of assault with a firearm: "[T]he court finds that the defendant was on *Page 1397 
juvenile probation [at the time of the offense], did unsatisfactory performance. He's shown violent conduct which is a serious danger to society, and those factors alone would justify the upper term in this case of 4 years." The court continued: "Regarding the enhancement, the allegation for the use of the firearm, the firearm was not only used, that is brandished and fired, but it was used in such a way that it caused serious injuries to [the] victim. [¶] It's that factor which supports the imposition of the upper term of 10 years in this case, leading to a gross unstayed term of 14 years. . . ."
 DISCUSSION Cunningham held that California's procedure for selecting the upper term under the determinate sentencing law violated a criminal defendant'sSixth and Fourteenth Amendment rights to jury trial "by assigning to the trial judge, rather than the jury, the authority to make the factual findings that subject a defendant to the possibility of an upper term sentence." (People v. Black (2007) 41 Cal.4th 799, 805 [62 Cal.Rptr.3d 569, 161 P.3d 1130] (Black II), citing Cunningham, supra, 549 U.S. at p. ___ [166 L.Ed.2d at p. 864].) In light of Cunningham, the United States Supreme Court remanded People v. Black (2005) 35 Cal.4th 1238
[29 Cal.Rptr.3d 740, 113 P.3d 534] (Black I) which had held that the California procedure was constitutional under Apprendi v. New Jersey
(2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] (Apprendi), Blakelyv. Washington (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531] (Blakely), and United States v. Booker (2005) 543 U.S. 220 [160 L.Ed.2d 621, 125 S.Ct. 738], earlier high court decisions which had addressed the issue. (Black v. California (2007) ___ U.S. ___ [167 L.Ed.2d 36, 127 S.Ct. 1210].) On remand, Black II held that "imposition of an upper term sentence did not violate defendant's right to a jury trial, because at least one aggravating circumstance was established by means that satisfied] Sixth Amendment requirements and thus made him eligible for the upper term." (Black II, supra, at p. 806.) The same is true in the case before us.
 We begin by rejecting the Attorney General's argument that defendant forfeited his constitutional challenge by failing to object to the sentencing procedure below.[3] In Sandoval, a case where both the trial and sentencing took place after Blakely, the California Supreme Court held there was no forfeiture. It explained that until the United States Supreme Court decided Cunningham, California courts were bound by BlackI, and any request for *Page 1398 
jury trial on aggravating circumstances would have been futile. (Sandoval, supra, 41 Cal.4th at p. 837, fn. 4.) In this case, likeSandoval, sentencing took place after Blakely.
 Turning to the merits of defendant's challenge, we conclude that defendant's admissions and stipulations made him eligible for the upper term. Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (Apprendi, supra, 530 U.S. at p. 490, italics added.)Blakely defined the "`statutory maximum'" to mean for Apprendi purposes "the maximum sentence a judge may impose solely on the basis of the factsreflected in the jury verdict or admitted by the defendant." (Blakely,supra, 542 U.S. at p. 303 [159 L.Ed.2d at p. 413].)
 Defendant stipulated that the court could take facts from his probation report "as deemed necessary to establish the factual basis" for his plea. He also stipulated in a Harvey waiver that the judge could consider "the entire factual background of the case" when imposing sentence. The probation report included a statement in which defendant admitted shooting into a crowd of people he believed were rival gang members. There is no dispute that the victim suffered serious bodily injury. Thus, defendant's admissions support two of the factors in aggravation cited by the court: (1) that he showed violent conduct which was a serious danger to society (Cal. Rules of Court, rule 4.421(b)(1)); and (2) that he used the firearm in a manner that caused serious bodily injury (Cal. Rules of Court, rule 4.421(a)(1), (2)).
 Defendant argues that the court could not consider his admissions to the probation officer based on the Harvey waiver because he did not waive his rights in the Cunningham context. A "Harvey waiver" normally refers to an agreement that the sentencing judge may consider dismissed charges at sentencing. (See Harvey, supra, 25 Cal.3d 754.) Here, defendant'sHarvey waiver was much broader, allowing the sentencing judge to consider "the entire factual background of the case." The broad waiver included the probation report which the court considered without objection. Defendant also indicated that he understood that "the matter of probation and sentence [was] to be determined solely by the superior court judge." On this record, we conclude that defendant knowingly and voluntarily waived his right to jury trial on the factual background of the case, and the court properly considered his admissions in identifying aggravating circumstances. Because a single legally sufficient circumstance is enough to render a defendant eligible for the upper term (Black II, supra,41 Cal.4th at p. 813), defendant's admissions provided grounds for imposing the upper term for both assault with a firearm and the firearm use enhancement. But there is more. *Page 1399 
 The United States Supreme Court has ruled consistently that, "the right to a jury trial does not apply to the fact of a prior conviction." (Black II, supra, 41 Cal.4th at p. 818, citing Cunningham, supra, 549 U.S. at p.___ [166 L.Ed.2d at p. 868], Apprendi, supra, 530 U.S. at p. 490,Almendarez-Torres v. United States (1998) 523 U.S. 224, 243 [140 L.Ed.2d 350, 368, 118 S.Ct. 1219] (Almendarez-Torres).) Indeed, "[Recidivism . . . is a traditional, if not the most traditional, basis for a sentencing court's increasing an offender's sentence." (Almendarez-Torres, supra, at p. 243.) Here, defendant's Harvey waiver stipulated that the court could consider his "prior criminal history . . ., including any unfiled, dismissed or stricken charges or allegations or cases when . . . imposing sentence." All of defendant's priors were juvenile adjudications.
 Defendant cites U.S. v. Tighe (9th Cir. 2001) 266 F.3d 1187 (Tighe) and contends that Apprendi's "prior conviction" exception does not include nonjury juvenile adjudications. We reject that contention. A divided panel of the Ninth Circuit Court of Appeals held in Tighe that "[j]uvenile adjudications that do not afford the right to a jury trial and a beyond-a-reasonable-doubt burden of proof . . . do not fall withinApprendi's `prior conviction' exception" and the trial court could not use them to increase the penalty beyond the statutory maximum for the current offense. (Tighe, supra, at pp. 1194-1195.) The dissent in Tighe
concluded that because "a juvenile receives all the process constitutionally due at the juvenile stage, there is no constitutional
problem (on which Apprendi focused) in using that adjudication to support a later sentencing enhancement." (Id. at p. 1200 (dis. opn. of Brunetti, J.).) In People v. Palmer (2006) 142 Cal.App.4th 724, 730 [47 Cal.Rptr.3d 864] (Palmer), this court agreed with the Tighe dissent and other California courts that Tighe was wrongly decided. (See Peoplev. Superior Court (Andrades) (2003) 113 Cal.App.4th 817, 830-834 [7 Cal.Rptr.3d 74]; People v. Lee (2003) 111 Cal.App.4th 1310,1315-1316 [4 Cal.Rptr.3d 642]; People v. Smith (2003)110 Cal.App.4th 1072, 1075-1079 [1 Cal.Rptr.3d 901]; People v.Bowden (2002) 102 Cal.App.4th 387, 393-394 [125 Cal.Rptr.2d 513] (Bowden); see also U.S. v. Smalley (8th Cir. 2002) 294 F.3d 1030,1032-1033.) In Palmer, the defendant argued that Apprendi and Tighe
barred the use of Nevada priors for driving under the influence to enhance his sentence. (Palmer, supra, at pp. 726, 728.) We followed the reasoning of Bowden, a case involving juvenile priors, which concluded that because the United States Constitution permits the juvenile court judge to adjudicate delinquency without a jury trial, "`"there is no constitutional impediment to using that juvenile adjudication to increase a defendant's sentence following a later adult conviction."'" (Palmer,supra, at p. 733, quoting Bowden, supra, 102 Cal.App.4th at p. 394.)
 Here, defendant's juvenile record included two felony violations of section 186.22, subdivision (d), for which defendant was serving juvenile *Page 1400 
probation at the time of the current offense. The probation report also revealed that defendant's performance on juvenile probation had been unsatisfactory. These "facts of prior conviction" (seeAlmendarez-Torres, supra, 523 U.S. at p. 246) constituted aggravating circumstances under California Rules of Court, rule 4.421(b)(4), (5) and the court properly considered them in imposing the upper term.
 DISPOSITION The judgment is affirmed.
 Scotland, P. J., and Sims, J., concurred.
[1] Hereafter, undesignated statutory references are to the Penal Code.
[2]Defendant's juvenile "rap sheet" listed the following offenses: (1) a misdemeanor violation of sections 484, 488 and 490 (petty theft) in July 2003, in which defendant was counseled and the case dismissed; (2) a misdemeanor violation of section 148 (resisting or obstructing a public officer, peace officer or emergency technician) in May 2004, which the district attorney declined to file in the interest of justice; (3) two felony counts of violating section 186.22, subdivision (d) (committing a public offense for the benefit of, at the direction of, or in association with a criminal street gang) in October 2004, which resulted in wardship, 30 days in juvenile hall, and 120 days of electronic monitoring; (4) a probation violation after which the court placed defendant in a group home.
[3]On July 19, 2007, while defendant's appeal was pending, the California Supreme Court issued its decisions in Black II, supra, 41 Cal.4th 799 andPeople v. Sandoval (2007) 41 Cal.4th 825 [62 Cal.Rptr.3d 588,161 P.3d 1146] (Sandoval). Pursuant to Misc. Order No. 2007-016 filed on July 26, 2007, we deemed defendant to have challenged Black II andSandoval on federal constitutional grounds. No further briefing was allowed. *Page 1401