[No. B203270. Second Dist., Div. Seven. July 28, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN CARLOS DEL RIO, Defendant and Appellant.

COUNSEL

Law Office of Anthony W. Tahan and Anthony W. Tahan for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Theresa A. Patterson and Ana R. Duarte, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

JACKSON, J.—

## INTRODUCTION

Juan Carlos Del Rio pleaded no contest to robbery, admitted a prior juvenile adjudication for robbery, and was sentenced to four years in state prison. Del Rio appeals from the judgment, contending the use of his prior juvenile adjudication to enhance his sentence is unconstitutional. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Courtney Case was walking her dog when Del Rio approached and demanded money, claiming he had a gun. A struggle ensued, and Case stabbed Del Rio with her pocket knife. He fled with her purse. Del Rio was arrested and charged by information with second degree robbery (Pen. Code, § 211).[1] The information further alleged Del Rio had suffered a prior strike conviction (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) arising out of a juvenile adjudication for robbery (§ 211). Del Rio pleaded not guilty and denied the special allegation.

Del Rio waived his constitutional rights, entered a negotiated plea of no contest to robbery and he admitted the prior robbery adjudicated in juvenile court. Del Rio was sentenced to four years in state prison, consisting of the two-year lower term doubled under the "Three Strikes" law.

---

[1] Undesignated statutory references are to the Penal Code.

Although Del Rio admitted the prior adjudication knowing it would be used as a strike, as part of the negotiated plea, it was agreed Del Rio could challenge this aspect of his sentence on appeal.

## DISCUSSION

According to Del Rio, because he was not afforded the right to a jury trial in connection with his prior juvenile adjudication, the trial court violated his constitutional rights by using this prior adjudication to double his sentence. Acknowledging review has been granted in *People v. Nguyen* (2007) 152 Cal.App.4th 1205 [62 Cal.Rptr.3d 255], review granted October 10, 2007, S154847, Del Rio nonetheless cites the case for the proposition a juvenile adjudication is not a prior conviction within the meaning of *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348].

██ Pending a contrary decision by the California Supreme Court on this issue, we conclude, as we held in *People v. Smith* (2003) 110 Cal.App.4th 1072, 1075 [1 Cal.Rptr.3d 901], "a juvenile adjudication may be used as a strike to enhance an adult offender's sentence notwithstanding the absence of the right to a jury trial in delinquency proceedings." (See also *People v. Buchanan* (2006) 143 Cal.App.4th 139, 149 [49 Cal.Rptr.3d 137]; *People v. Superior Court (Andrades)* (2003) 113 Cal.App.4th 817, 830–834 [7 Cal.Rptr.3d 74]; *People v. Lee* (2003) 111 Cal.App.4th 1310, 1312–1316 [4 Cal.Rptr.3d 642]; *People v. Bowden* (2002) 102 Cal.App.4th 387, 391–394 [125 Cal.Rptr.2d 513]; *People v. Fowler* (1999) 72 Cal.App.4th 581, 584–587 [84 Cal.Rptr.2d 874].)

## DISPOSITION

The judgment is affirmed.

Perluss, P. J., concurred.

**ZELON, J.**—I respectfully dissent.

Six years ago, in *People v. Smith* (2003) 110 Cal.App.4th 1072 [1 Cal.Rptr.3d 901] (*Smith*), this division addressed the difficult issue that arises again today. At that time, prior to critical decisions delineating the constitutional constraints on factual determinations in sentencing, Justice Johnson, concurring and dissenting, provided a thoughtful historical analysis of the evolution of juvenile proceedings. I will not attempt to add to that scholar-

ship, but do note that subsequent decisions have given greater urgency to the concerns he expressed. The issue before this court is also pending before the California Supreme Court (*People v. Nguyen* (2007) 152 Cal.App.4th 1205 [62 Cal.Rptr.3d 255], review granted Oct. 10, 2007, S154847). Nonetheless, I think that current case law requires us to reexamine our decision in *Smith*, and to come to the opposite conclusion.

The *Smith* decision discussed *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435, 120 S.Ct. 2348] and *United States v. Tighe* (9th Cir. 2001) 266 F.3d 1187, each of which addressed the ability of the court to find facts relating to sentencing. After *Smith* however, a series of decisions has expanded the discussion of these issues, and clarified the scope of the Sixth Amendment right at issue. In *Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct. 2531], the United States Supreme Court held that the Sixth Amendment jury trial guarantee requires that facts used to enhance a sentence, other than the fact of a prior conviction, must be found by the jury or admitted by defendant. As applied to California's sentencing scheme, the court later found that "any fact that exposes a defendant to a greater potential sentence must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." (*Cunningham v. California* (2007) 549 U.S. 270, 281 [166 L.Ed.2d 856, 127 S.Ct. 856, 863–864] (*Cunningham*).) In *People v. Black* (2007) 41 Cal.4th 799 [62 Cal.Rptr.3d 569, 161 P.3d 1130] our Supreme Court then reexamined the scope of the permissible use of prior convictions in light of *Cunningham* and the cases that preceded it, and concluded that the exception for recidivism extends to issues beyond the fact of the prior conviction itself.

The common thread in each of these decisions is the fundamental fact that prior convictions "result from proceedings that include substantial protections." (*People v. McGee* (2006) 38 Cal.4th 682, 698 [42 Cal.Rptr.3d 899, 133 P.3d 1054].) One of the cornerstones of those protections is the right to trial by jury. (*Jones v. United States* (1999) 526 U.S. 227, 249 [143 L.Ed.2d 311, 119 S.Ct. 1215] ["unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees"].)

In the most recent decision in this arena, our Supreme Court has reviewed the extent to which facts relating to a prior conviction, other than the mere fact of the conviction itself, may be used to enhance a sentence consistent

with the recidivism exception. (*People v. Towne* (2008) 44 Cal.4th 63 [78 Cal.Rptr.3d 530] (*Towne*).) The court recognized that while some acts related to a prior conviction lend themselves to consideration by a sentencing court without jury factfinding, some do not. The critical determinant is whether the "facts" were established in a proceeding in which there was a right to a jury trial. Thus, for example, a conclusion that the defendant's performance while on parole had been unsatisfactory could be based on convictions for new offenses during the period of supervision; in such a case, court records would demonstrate the existence of the proceedings in which the defendant was afforded jury trial rights as they would in the case of any prior conviction. However, a heightened sentence could not be based on poor performance on parole if that performance consisted of events that had never been the subject of adjudication in a criminal trial. In such a case, the necessary safeguards, including the right to a jury trial, would not be present. In those circumstances, the court held, the defendant must be afforded the right to have the jury find the facts before the matter can be used to make the defendant eligible for an enhanced sentence. (*Id.* at pp. 81–82.)

*Towne* affirms the principle that a defendant has a fundamental right to have a jury determine the facts related to a prior conviction. If that determination was not made at the time of the poor performance, it must be made at the time that performance is used in sentencing for a new offense. In either event, it must be made.

The Supreme Court has thus placed another signpost on the trail of rights, clarifying yet again that it is the fundamental protections mandated in a criminal trial that permit a prior conviction to be considered in sentencing without further findings by the jury. The polestar of those protections is the right to trial by jury. (*Towne, supra*, 44 Cal.4th at pp. 91–92 (conc. opn. of Kennard, J.).) It is that right that is denied to juveniles; it is that denial that infects the sentence in this case.

We need not reach the larger question addressed by the separate opinion in *Smith* to resolve this case. We need only reach the more limited, but no less important, question of the consequences of the absence of the right to jury trials in juvenile proceedings. As the majority in *Smith* aptly noted, "Absent

constitutional constraints, however, 'when the Legislature has established policy, it is not for the courts to differ.' [Citations.]" (*Smith, supra,* 110 Cal.App.4th at p. 1081.) I believe the meaning of those constitutional constraints has now been made clear: the consequence of the lack of a right to trial by jury is that a prior juvenile adjudication may not be used to increase a sentence for an adult crime. I would affirm the conviction, vacate the sentence, and remand for resentencing.