**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RENNIE HURTADO, | No. 08-56761 |
| Petitioner - Appellant, | D.C. No. 06-cv-03712-PSG-CT |
| v. | |
| DAVE L. RUNNELS, Warden; JAMES E. TILTON, Secretary, Department of Corrections and Rehabilitation, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted April 13, 2011
Pasadena, California

Before: D.W. NELSON, BYBEE, and M. SMITH, Circuit Judges.

Petitioner-Appellant Rennie Hurtado appeals the district court's denial of his

petition for a writ of habeas corpus. He argues that the state trial court improperly

relied on judicial fact-finding when it sentenced him to an upper-term sentence, in

violation of his Sixth Amendment right to a jury trial as established in *Cunningham*

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*v. California*, 549 U.S. 270 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We hold that the California courts' decision was not "contrary to, [and did not involve] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), nor was it "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). We therefore affirm.

Hurtado correctly observes that the Supreme Court has held that California's sentencing scheme (at the time of his conviction) was unconstitutional. *See Cunningham*, 549 U.S. at 288–89. However, *Cunningham* did not invalidate upper-term sentences imposed as a result of prior convictions. *See id.* ("*Except for a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (internal quotation marks omitted) (emphasis added)); *see also Butler v. Curry*, 528 F.3d 624, 643 (9th Cir. 2008).

Under California law, "the presence of one aggravating circumstance renders it lawful for the trial court to impose an upper term sentence." *People v. Black*, 161 P.3d 1130, 1140 (Cal. 2007); *accord People v. Osband*, 13 Cal. 4th 622, 728 (1996). As a result, for purposes of habeas review, a California sentence does not

2

violate the Constitution "if at least one of the aggravating factors on which the [trial] judge relied . . . was established in a manner consistent with the Sixth Amendment." *Butler*, 528 F.3d at 643.

California's sentencing scheme at the time of Hurtado's conviction authorized an upper-term sentence for a defendant if the trial court found that "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Cal. Rule of Court 4.421(b)(2) (2007). California law provides that a defendant can be found to have "numerous" prior convictions if he has three or more convictions. *See People v. Searle*, 261 Cal. Rptr. 898, 902 (Cal. Ct. App. 1989) ("[T]hree convictions are 'numerous' within the meaning of [Rule 4.421(b)(2)]."); *People v. Berry*, 172 Cal. Rptr. 756, 759 (Cal. Ct. App. 1981) ("Two acts cannot be 'numerous.'"). Because simply counting the number of a defendant's prior convictions does not require a court to look beyond "the fact of a prior conviction," *Butler*, 528 F.3d at 643, California courts' reliance on the numerousness of a defendant's convictions as an aggravating factor does not offend the Sixth Amendment.

Here, in affirming Hurtado's sentence, the California Court of Appeal counted two detained petitions as a juvenile, an April 1993 conviction for transporting or selling narcotics, a March 1994 conviction for narcotics possession,

a February 1995 conviction for evading a peace officer, and a June 1995 conviction for inflicting corporal injury on a spouse or cohabitant. Hurtado challenges the court's reliance on his juvenile petitions. We have previously held that non-jury juvenile adjudications do not fall within the prior conviction exception to *Apprendi. United States v. Tighe*, 266 F.3d 1187, 1194–95 (9th Cir. 2001). However, "California courts disagree with *Tighe* [and] conclude that *Apprendi* does not preclude the use of nonjury juvenile adjudications to enhance the sentence of an adult offender." *Boyd v. Newland*, 467 F.3d 1139, 1152 (9th Cir. 2006) (citing *People v. Bowden*, 125 Cal. Rptr. 2d 513, 517 (Cal. Ct. App. 2002)). Furthermore, because *Tighe* "does not represent clearly established federal law 'as determined by the Supreme Court of the United States,'" we held that California's reliance on non-jury juvenile convictions for sentencing enhancement purposes does not entitle a petitioner to habeas relief. *Id.* (citation omitted). Accordingly, the California court's inclusion of Hurtado's juvenile petitions in its determination of whether he had "numerous" prior convictions does not entitle him to habeas relief.

Hurtado also contends that his April 1993 and February 1995 convictions should have been disregarded because of California's "dual use proscription." *See* Cal. Penal Code § 667.5(b). A petitioner is not entitled to federal habeas relief for

4

errors of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861 (2011) (citations omitted). In any event, because the juvenile convictions were properly counted, the state court could have relied on at least four prior convictions in determining whether Hurtado's criminal history reflected "numerous" prior convictions for sentencing enhancement purposes. Accordingly, Hurtado's sentence was not imposed "contrary to, [and did not involve] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), and was not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

AFFIRMED.