Filed 10/29/13  P. v. Thomas CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065744 |
| v. | (Super. Ct. No. F11900762) |
| DAMON JEROME THOMAS, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Edward Sarkisian, Jr., Judge.

Rudy Kraft, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Kane, Acting P.J., Poochigian, J., and Franson, J.

A jury convicted appellant of resisting an executive officer (Pen. Code, § 69). In a separate proceeding, the court found true two prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) and allegations that Thomas had a prior conviction within the meaning of the three strikes law (Pen. Code, § 667, subds. (b)-(i)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On February 8, 2011, while in custody, Thomas was escorted by Fresno County Sheriff's Deputy Julio Villarreal from a holding cell to a courtroom. During the court proceedings, Thomas got agitated with his attorney over an issue in his case. After Thomas cursed at the court, the court advised him the proceedings were over. Deputy Villarreal then told Thomas it was time to leave and placed his hand on his elbow to direct him to the door to the holding area. Thomas cursed at the deputy, raised his elbows and began swinging them. Thomas also swung an elbow at Deputy Christian Lightner that missed him. He then moved towards Lightner, pushing him against the wall in the hallway to the holding area. After Villarreal and Lightner took Thomas to the ground, Thomas kicked his legs and kept trying to lift his weight off the ground but he was pushed back down by the deputies. During that time Deputy Villarreal kept telling Thomas to stop fighting and to stop resisting. Thomas continued to struggle until another deputy applied a taser to Thomas's back. The whole incident with Thomas lasted from five to eight minutes.

On July 30, 2012, the district attorney filed a first amended information that charged Thomas with resisting an executive officer (count 1), two prior prison term enhancements, and having a prior conviction within the meaning of the three strikes law.

On August 1, 2012, the jury convicted Thomas of resisting an executive officer. In a separate proceeding the court found true the two prior prison term enhancements and

2

the allegation that Thomas had a prior conviction within the meaning of the three strikes law.

On September 5, 2012, the court denied Thomas's *Romero*[1] motion and sentenced him to an aggregate term of six years, a four-year term on the substantive offense, the middle term doubled because of Thomas's prior strike conviction, and two consecutive one-year prior prison term enhancements. The court also imposed, without objection, a restitution fine and a parole revocation fine of $1,440 each, and it sentenced Thomas to time served on an unrelated misdemeanor case.

Thomas's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) However, in a document filed on March 12, 2013, Thomas contends: 1) the court improperly used his 1996 possession for sale of cocaine base conviction and his 1992 juvenile adjudication for robbery to impose two separate prior prison term enhancements; 2) his "first strike is also questionable"; and 3) the court set his restitution fine too high and he cannot pay it. We reject these contentions.

Thomas's two prior prison term enhancements were based on his September 26, 1996, conviction for possession for sale of cocaine base and his February 9, 2004, conviction for possession of cocaine for which he served two separate prison terms. Thus, there is no merit to Thomas's contention that one of his prior prison term enhancements was based on his juvenile adjudication for robbery.

Further, "[i]mposition of a [prior prison term enhancement] requires proof that the defendant: (1) was previously convicted of a felony; (2) was imprisoned as a result of that conviction; (3) completed that term of imprisonment; and (4) did not remain free for five

---

[1]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

years of both prison custody and the commission of a new offense resulting in a felony conviction. [Citation.]" (*People v. Tenner* (1993) 6 Cal.4th 559, 563.)

The record shows that Thomas was sentenced to a six-year prison term on his 1996 possession for sale of cocaine base conviction. On January 19, 2006, he was discharged from parole in that case but he remained in prison custody serving a three-year term imposed on his 2004 possession of cocaine conviction. On January 9, 2009, Thomas was released from prison custody on parole in his possession of cocaine conviction. On February 8, 2011, he committed the underlying offense. Thus, the court properly imposed two separate, prior prison term enhancements based on Thomas's 1996 and 2004 convictions because he served two separate prison terms on those convictions and he did not remain free for five years of both prison custody or the commission of a new felony offense between 1996 and 2011 when he committed the instant offense.

Additionally, the court's finding that Thomas had a prior conviction within the meaning of the three strikes law was based on Thomas's juvenile adjudication for robbery. Since a juvenile adjudication for robbery qualifies as a prior conviction within the meaning of the three strikes law (*People v. Bowden* (2002) 102 Cal.App.4th 387, 389), there is no merit to Thomas's contention that his "first strike is also questionable."

Moreover, Thomas did on object to the imposition of a $1,440 restitution fine in the trial court and thus forfeited his right to challenge this fine on appeal. (Cf. *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1469 [claim of inability to pay restitution fine waived by failure to object below].)

Further, following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4