[No. B053631. Second Dist., Div. Four. Aug. 1, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
CARLOS RIVADENEIRA, Defendant and Appellant.

**COUNSEL**

Robert K. Steinberg for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Edward T. Fogel, Jr., Assistant Attorney General, William T. Harter and William V. Ballough, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WOODS (A. M.), P. J.**—Carlos Rivadeneira appeals from judgment entered following his negotiated plea of guilty to residential burglary, with court findings of five prior serious felony convictions. (Pen. Code, §§ 459, 667, subd. (a).)

Appellant contends: "I. The enhancements as to the priors occurring before 1986 must be stricken as a matter of law. II. The trial court erred in failing to state reasons for imposing consecutive sentences pursuant to [Penal Code section] 667a on the burglaries which therefore requires that this honorable court remand same to see if valid reasons under the law exist. III. The court erred in failing to apply the provisions of Penal Code [section 667.5] instead of Penal Code [section] 667 in the instant case."

The information charged appellant with a residential burglary in which a principal was armed with a firearm.[1] Five prior serious felony convictions within the meaning of Penal Code sections 1192.7 and 667, subdivision (a), were alleged: three 1975 and 1985 convictions of residential burglary, one 1976 conviction of attempted residential burglary and one 1980 conviction of robbery.

On the date set for trial, the prosecutor indicated the parties had agreed to a guilty plea to the charge and a court trial as to the prior convictions. Appellant, represented by counsel, submitted to the court a preprinted form entitled "Guilty Plea in the Superior Court," which appellant acknowledged he had completed, signed and initialed.[2] On the record, the prosecutor asked

---

[1] The probation report disclosed that, on January 3, 1990, Downey police officers responded to a burglary call. When they arrived at the location, they were advised by a resident that she had observed appellant and a companion knocking on doors within her apartment complex. She then saw the two men enter Robert Corral's apartment. The officers entered the apartment and found the companion in a closet and appellant in the bathroom. In a jacket in their possession, the officers found Corral's jewelry.

[2] The plea form indicated he was pleading guilty to the charge. Therein, he waived the requisite constitutional rights (*In re Tahl* (1969) 1 Cal.3d 122, 132-133 [81 Cal.Rptr. 577, 460 P.2d 449]) and indicated he understood the court would impose a two-year term for the burglary. The form related that he was to have a court trial as to the truth of the five alleged prior serious felony enhancements. It also stated that his "maximum exposure if all five priors are found to be true is 27 years" and that each true finding would "add five years to the base

appellant whether he had signed and initialed the plea form, whether the Spanish interpreter had read him the constitutional rights, and whether he understood them. Appellant replied, "Yes." The prosecutor explained he wanted to be sure that appellant understood the consequences of the plea. He admonished appellant that the court would impose a two-year term for the burglary and explained that the practical effect of a true finding as to each of the enhancements would be five additional five-year consecutive terms. Appellant stated he understood.

The prosecutor then advised appellant that he had a right to a jury trial and a court trial, the right to confront and cross-examine witnesses, and the right to present an affirmative defense, and explained his privilege against self-incrimination. Appellant expressly waived each of these rights. The prosecutor said that a minimum two-year term would be imposed if none of the "priors" were found true and a maximum twenty-seven-year term would be imposed if all of the "priors" were found true. The prosecutor asked appellant if anyone had threatened him or promised him anything not on the record to procure the plea, to which appellant replied, "No." After other consequences of the plea were explained, appellant entered the plea of guilty. The prosecutor asked defense counsel whether he joined in the waiver of rights, concurred in the plea and would stipulate there was a factual basis for the plea. Counsel replied, "Yes."

The court made a finding appellant "knowingly and willingly" waived his constitutional rights and entered the plea. Appellant expressly waived his right to a jury trial on the issue of the truth of the enhancements and indicated he wished to have the court decide whether or not the "priors" alleged were true. Appellant waived time for trial as to the issue of the truth of the prior conviction allegations and the matter was continued for sentencing.

Three weeks later, appellant waived the requisite constitutional rights as to the allegations of the prior convictions, the parties stipulated that appellant had sustained the prior convictions alleged in the enhancements, and

---

sentence of 2 years." He indicated that the plea was freely and voluntarily entered, with a full understanding of all the matters set forth in the pleading, and there was a factual basis for the plea.

The plea form specifically indicated that appellant understood he had a right to a jury trial and explained that right. It stated that appellant had the right to testify in his own behalf or remain silent if he chose, and that he had the right to confront witnesses against him. The form additionally stated, "I understand that I have the right to call witnesses to testify in my behalf and to use the assistance and processes of the court to subpoena those witnesses and to compel them to come to court to testify. I hereby waive and give up these rights." The box relating to this admonishment, as well as the others, was initialed by appellant.

appellant expressly admitted each of the allegations. The prosecutor explained that, by agreement, appellant's admission left only one issue to be determined by the court, whether or not each of the alleged prior convictions was for a serious felony within the meaning of Penal Code sections 667, subdivision (a), and 1192.7. Counsel joined in the admissions and waivers and stipulated to a factual basis.

The trial court found that appellant knowingly and willingly waived his constitutional rights and deemed the allegations as to the enhancements to be true. The court considered the proof submitted by the prosecution and found each of the five prior convictions was a serious felony. The court stated it had read and considered the probation report and imposed a low term of two years in state prison. It stated that the reason for the principal term was the plea agreement. The court then imposed a consecutive five-year term for each of the five enhancements, for an aggregate term of imprisonment of twenty-seven years.

Appellant was adequately advised of his constitutional rights, no further admonishment as to the presentation of witnesses or the subpoena power was necessary, and the court properly found that the plea was knowingly and willingly entered. (See *In re Tahl, supra,* 1 Cal.3d at pp. 132-133.)

I

The contention that enhancement for the prior serious felony convictions violates the prohibition against ex post facto laws is without merit. The enhancements are not barred by virtue of their commission prior to May 6, 1986, since the instant offense occurred after that date. It is the repetitive nature of the present offense which Penal Code section 667 punishes. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736].) In *People* v. *Williams* (1987) 196 Cal.App.3d 1157, 1159-1161 [242 Cal.Rptr. 421], relied on by appellant, it was the charged crime and not the prior which was committed before enactment of Penal Code section 667.[3]

II

The contention that the trial court failed to state reasons for imposing consecutive sentences on the prior conviction enhancements is similarly without merit. Imposition of the enhancements for the prior serious felony convictions is mandatory. There being no sentencing choice, no statement of

[3]Appellant's 27-year term did not constitute cruel and unusual punishment. (See *People* v. *Jameson* (1986) 177 Cal.App.3d 658, 662-663 [223 Cal.Rptr. 108].)

reasons was necessary. (*People* v. *Valencia* (1989) 207 Cal.App.3d 1042, 1045-1046 [255 Cal.Rptr. 180]; see *People* v. *Mack* (1986) 178 Cal.App.3d 1026, 1032-1033 [224 Cal.Rptr. 208].) If a reason were necessary, the trial court's statement that the plea bargain was the reason for the imposition of the low term would constitute an adequate statement. (*People* v. *Tucker* (1986) 187 Cal.App.3d 295, 297 [231 Cal.Rptr. 671].)

## III

The contention that the trial court had discretion to consider imposition of the enhancements pursuant to Penal Code section 667.5, in lieu of that described in Penal Code section 667, subdivision (a), is erroneous.

Appellant was charged with five priors under Penal Code section 667, subdivision (a). Following appellant's admissions under the plea bargain and the trial court's findings as to the five prior serious felony convictions, imposition of sentence under Penal Code section 667, subdivision (a), was mandatory. The service of a prison term for a felony enhancement within the meaning of Penal Code section 667.5, subdivision (b), is not an alternate sentencing scheme or lesser included enhancement of the five-year Penal Code section 667, subdivision (a), enhancement. (*People* v. *Valencia*, *supra*, 207 Cal.App.3d at pp. 1045-1046; see *People* v. *Medina* (1988) 206 Cal.App.3d 986, 991 [254 Cal.Rptr. 89].)

The judgment is affirmed.

George, J., and Goertzen, J., concurred.

A petition for a rehearing was denied August 20, 1991, and appellant's petition for review by the Supreme Court was denied November 26, 1991. George, J., did not participate therein.