[No. B088276. Second Dist., Div. Two. June 29, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
REGINALD W. GREEN, Defendant and Appellant.

## COUNSEL

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Pamela C. Hamanaka, Sanjay T. Kumar and Victoria Bedrossian, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**NOTT, J.**—In the latter part of 1994, appellant Reginald Green was convicted by a jury of selling rock cocaine to an undercover police officer (Health & Saf. Code, § 11352, subd. (a)). Following a jury waiver, prior convictions for petty theft with a prior and first degree burglary were found true by the trial court.

Since the prior burglary conviction qualified as a "first strike" under the recently enacted "three strikes" statutes, the trial court sentenced appellant to six years in state prison as follows: (1) the low term of three years, which was doubled pursuant to Penal Code section 667, subdivisions (b) through (i)[1] and (2) a total of two years consecutive under section 667.5, subdivision (b) for the two prior convictions, which was ordered stayed under the authority of section 1385.

## ISSUE

The prior burglary conviction occurred in 1987. Appellant contends that the "three strikes" law does not apply to convictions incurred before its enactment.

## DISCUSSION

The crux of this appeal involves the interpretation of section 667, subdivision (d)(1). Therefore, we will first set forth the principles which will guide us.

As was recently stated by our Supreme Court, "In construing a statute, our principal task is to ascertain the intent of the Legislature. [Citation.] We do so by first turning to the words themselves, giving them their ordinary meaning. [Citations.] Of course, ' " 'language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend.' " ' [Citation.] In such circumstances, '[t]he intent prevails over the letter, and the letter will, if possible, be so read as to conform to the spirit of the act.' [Citation.]" (*People* v. *Broussard* (1993) 5 Cal.4th 1067, 1071 [22 Cal.Rptr. 278, 856 P.2d 1134].)

The "three strikes" law (§ 667, subds. (b) through (i)) took effect as emergency legislation on March 7, 1994. The relevant portion with which this case is concerned is subdivision (d)(1), which provides that to qualify as a "strike," the prior offense must be a violent felony under 667.5, subdivision (c) or a serious felony under 1192.7, subdivision (c). Under subdivision (d)(1), ". . . [t]he *determination* of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, *shall be made upon the date of that prior conviction* . . . ." (Italics added.)

■ Seizing upon the above italicized portion of subdivision (d)(1), appellant asserts that the statute clearly means that the court is to make the determination on the actual date of the prior conviction. Under appellant's

---

[1]All further statutory references are to the Penal Code.

reading of the statutory language, no prior offense which took place before the enactment of the "three strikes" law could qualify as a "strike." We disagree.

First, appellant's interpretation would produce an absurd result in that there is never a need to make a determination of a "strike" until the subsequent offense occurs. Second, such an interpretation would fly in the face of the stated intent of the statute, which is ". . . to ensure longer prison sentences and greater punishment for those who commit a felony and have been *previously* convicted of serious and/or violent felony offenses." ( § 667, subd. (b), italics added.) Had the Legislature wished to exclude offenses which occurred before the effective date of the statute, it could have easily said so. Finally, to adopt appellant's position would delay the imposition of 'three strikes" for years, thus obviating any reason for the Legislature to have enacted this law as emergency legislation.

We view the application of the "three strikes" law as akin to the enactment of section 667, subdivision (a), which added a five-year sentence enhancement for prior serious felony convictions. It has been held that section 667, subdivision (a) applied to prior felonies where the convictions antedated the effective date of that law. The courts have held the legislative intent was to punish recidivists for their current conduct. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736]; *People* v. *Rivadeneira* (1991) 232 Cal.App.3d 1416, 1420 [284 Cal.Rptr. 75].)

We thus interpret the phrase in section 667, subdivision (d)(1) that "[t]he determination [as to whether a prior offense qualifies as a 'strike'] . . . shall be made upon the date of that conviction" to mean that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under section 1192.7, subdivision (c) or section 667.5, subdivision (c).

Appellant argues in the alternative that the disputed language of subdivision (d)(1) is ambiguous, and any ambiguity should be resolved in his favor. He cites *Keeler* v. *Superior Court* (1970) 2 Cal.3d 619, 631 [87 Cal.Rptr. 481, 470 P.2d 617, 40 A.L.R.3d 420] and *People* v. *Woodhead* (1987) 43 Cal.3d 1002 [239 Cal.Rptr. 656, 741 P.2d 154] for the proposition that a penal statute is to be construed "as favorably to the defendant as its language and the circumstances of its application may reasonably permit." While we agree in principle, the operative words here are *reasonably permit*. As stated, our task is to give effect, where possible, to the Legislature's intent. For the reasons above stated, to construe the statute as espoused by appellant would lead to an irrational result and frustrate the intent of the Legislature to initiate an immediate plan of severe punishment for repeat offenders.

Respondent contends that appellant received one undeserved day of presentence custody credit and requests that this court modify the sentence. In accordance with this division's policy of treating as waived on appeal minor custody credit issues not raised at the trial court (*People* v. *Woods* (1991) 226 Cal.App.3d 1037, 1055 [277 Cal.Rptr. 269]), we shall not modify the judgment.

## DISPOSITION

The judgment is affirmed.

Boren, P. J., and Fukuto, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 27, 1995.