[No. B146548. Second Dist., Div. Two. Aug. 27, 2001.]

THE PEOPLE, Plaintiff and Appellant, v.
ORLANDO JAMES, Defendant and Respondent.

## Counsel

Steve Cooley, District Attorney, Brent Riggs and William Woods, Deputy District Attorneys, for Plaintiff and Appellant.

Christan L. Ayers for Defendant and Respondent.

## Opinion

**BOREN, P. J.**—Defendant, Orlando James, was charged with possession of marijuana for sale (Health & Saf. Code, § 11359), sale or transportation of marijuana (Health & Saf. Code, § 11360, subd. (a)), and resisting, obstructing or delaying a peace officer in the performance of the officer's duty (Pen. Code, § 148, subd. (a)(1)). He was also charged with having two prior serious or violent felony convictions (strikes) within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), assault with a firearm (Pen. Code, § 245, subd. (a)(2)) and shooting at an inhabited dwelling house, occupied building, occupied motor vehicle, occupied aircraft,

inhabited house car, or inhabited camper (Pen. Code, § 246), and with having served one prior prison term (Pen. Code, § 667.5, subd. (b)).

The second amended information alleged that the current offenses were committed on March 17, 2000. It also alleged that the prior convictions for assault with a firearm and violation of Penal Code section 246 occurred on February 10, 1994. On that date and in 1993, when those prior offenses were committed, the offenses of assault with a firearm and violation of Penal Code section 246 were serious felonies under Penal Code section 1192.7 only if the defendant personally used a firearm or inflicted great bodily injury. (Cf. *People v. Rodriguez* (1998) 17 Cal.4th 253, 261-262 [70 Cal.Rptr.2d 334, 949 P.2d 31] [discussing Pen. Code, § 245, subd. (a)(1)]; *People v. Williams* (1996) 50 Cal.App.4th 1405, 1411-1412 [58 Cal.Rptr.2d 517] [same].)

In the March 7, 2000, Primary Election, the voters approved an initiative measure designated on the ballot as Proposition 21. Proposition 21 is known as the Gang Violence and Juvenile Crime Prevention Act of 1998. Proposition 21 amended Penal Code section 1192.7 and added Penal Code sections 667.1 and 1170.125, making assault with a firearm in violation of Penal Code section 245, subdivision (a)(2) (Pen. Code, § 1192.7, subd. (c)(31)) and "discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of [Penal Code] Section 246" (Pen. Code, § 1192.7, subd. (c)(33)) serious felonies within the meaning of the three strikes law. Proposition 21 took effect on March 8, 2000.

Penal Code section 667.1 provides: "Notwithstanding subdivision (h) of Section 667, for all offenses committed on or after the effective date of this act, all references to existing statutes in subdivisions (c) to (g), inclusive, of Section 667, are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act." Similarly, Penal Code section 1170.125 provides: "Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994 General Election, for all offenses committed on or after the effective date of this act, all references to existing statutes in Section 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by this act."

Concluding that application of Penal Code sections 667.1 and 1170.125 to prior convictions suffered before the effective date of Proposition 21 would violate the prohibition against ex post facto laws, the trial court struck the allegations that defendant had two prior strikes. Under a plea agreement,

defendant then pled no contest to possession of marijuana for sale, and the court sentenced defendant to a three-year prison term. In their plea agreement, the parties specified that if an appeal by the People challenging the court's ruling striking either or both of the prior strike allegations was successful, the plea agreement would be vacated, and the case would proceed to trial or to a new case disposition.

The People appeal from the order striking the prior strike allegations and from the subsequent sentence. The People contend that because the alleged current offenses occurred after the effective date of Proposition 21, defendant's prior convictions of assault with a firearm and violation of Penal Code section 246 are strikes.

■ We hold that if a defendant's current offense was committed on or after the effective date of Proposition 21, a determination whether the defendant's prior conviction was for a serious felony within the meaning of the three strikes law must be based on the definition of serious felonies in Penal Code section 1192.7, subdivision (c) in effect on March 8, 2000.

We were faced with a similar issue in *People v. Green* (1995) 36 Cal.App.4th 280 [42 Cal.Rptr.2d 249] (*Green*), *People v. Moenius* (1998) 60 Cal.App.4th 820 [70 Cal.Rptr.2d 579] (*Moenius*), and *People v. O'Roark* (1998) 63 Cal.App.4th 872 [73 Cal.Rptr.2d 924] (*O'Roark*). In *Green*, the defendant contended that the three strikes law did not apply to convictions incurred before the enactment of the three strikes law. We construed the clause in Penal Code section 667, subdivision (d)(1) that " '[t]he determination [as to whether a prior offense qualifies as a "strike"] . . . shall be made upon the date of that prior conviction' to mean that the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under section 1192.7, subdivision (c) or section 667.5, subdivision (c)." (*Green, supra*, 36 Cal.App.4th at p. 283.) We explained that to construe Penal Code section 667 in the manner urged by the defendant would "lead to an irrational result and frustrate the intent of the Legislature to initiate an immediate plan of severe punishment for repeat offenders." (*Green, supra*, 36 Cal.App.4th at p. 283.)

In *Moenius*, the defendant's 1974 conviction for residential burglary was alleged as a prior strike. The defendant contended that his conviction for residential burglary did not constitute a strike because the conviction occurred before the effective date of Penal Code section 1192.7. Penal Code section 1192.7 was added by passage of the initiative measure Proposition 8

in the June 8, 1982, Primary Election. We rejected the defendant's contention, noting that Penal Code section 667, subdivision (h) and section 2 of Proposition 184 of the November 8, 1994, General Election provided that all references to existing statutes were to statutes as they existed on June 30, 1993. (*Moenius, supra,* 60 Cal.App.4th at pp. 826-827.) In *O'Roark,* we held that a prior serious felony conviction sustained before the offense resulting in that prior conviction was added to the list of serious felonies in Penal Code section 1192.7, subdivision (c) may qualify as a strike if the felony was in the list of serious felonies in section 1192.7, subdivision (c) on June 30, 1993. (*O'Roark, supra,* 63 Cal.App.4th at pp. 878-879.) As Division Five of this court held, use of a prior conviction suffered before the effective date of the three strikes law as a prior strike does not violate the prohibition in either the California or United States Constitution against ex post facto laws. (*People v. Hatcher* (1995) 33 Cal.App.4th 1526, 1527-1528 [39 Cal.Rptr.2d 801]; accord, *People v. Gray* (1998) 66 Cal.App.4th 973, 995 [78 Cal.Rptr.2d 191].)

Proposition 21 added "assault with a deadly weapon, firearm, machinegun, assault weapon, or semiautomatic firearm or assault on a peace officer or firefighter, in violation of Section 245" (Pen. Code, § 1192.7, subd. (c)(31)) and "discharge of a firearm at an inhabited dwelling, vehicle, or aircraft, in violation of Section 246" (Pen. Code, § 1192.7, subd. (c)(33)) to the definition of "serious felony" in section 1192.7. (Ballot Pamp., Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 17, pp. 124-125.) Section 2 of Proposition 21 states that the purpose of Proposition 21 is to increase public safety (Ballot Pamp., Primary Elec., *supra,* text of Prop. 21, § 2, subd. (k), p. 119). In light of that purpose, we conclude that Penal Code sections 667.1 and 1170.125 require that, if the current offense was committed on or after March 8, 2000, a determination whether a prior conviction alleged as a serious felony is a prior strike must be based on whether the prior offense resulting in that conviction was a serious felony within the meaning of the three strikes law on March 8, 2000.

On March 8, 2000, assault with a firearm in violation of Penal Code section 245, subdivision (a)(2) was a serious felony within the meaning of the three strikes law. Thus, the trial court erred in striking the allegation that defendant's 1994 conviction for violation of Penal Code section 245, subdivision (a)(2) was a strike. On March 8, 2000, violation of Penal Code section 246 was a strike if the prior conviction was for shooting at "an inhabited dwelling, vehicle, or aircraft." (Pen. Code, § 1192.7, subd. (c)(33).) Thus, the trial court also erred in striking the allegation that defendant's conviction for violation of Penal Code section 246 was a strike.

The judgment and the order striking the allegations that defendant was previously convicted of two serious or violent felony convictions are reversed.

Nott, J., and Doi Todd, J., concurred.