Filed 2/20/14  P. v. Ordaz CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>RAFAEL ORDAZ,<br><br>　　　Defendant and Appellant. | B249632<br><br>(Los Angeles County<br>Super. Ct. No. MA053170) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Walgren, Judge.  Affirmed.

California Appellate Project, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Rafael Ordaz appeals from the judgment entered after he pled no contest to inflicting corporal injury to a spouse, cohabitant, or parent of his child and admitted suffering a prior serious felony conviction for assault with a firearm. (Pen. Code, §§ 273.5, subd. (a), 245, subd. (a)(2), 1170.12, subds. (a)-(d), 667, subds. (b)-(i).)[1] He contends his prior conviction for assault with a firearm is not a serious felony within the meaning of sections 1170.12, subdivisions (a) through (d) and 667, subdivisions (b) through (i) (the "Three Strikes" law). We affirm the judgment.

## BACKGROUND

On January 18, 2013, the Los Angeles County District Attorney's Office filed an information charging defendant with inflicting corporal injury to a spouse, cohabitant, or parent of his child, assault with a deadly weapon, and false imprisonment by violence. (§§ 273.5. subd. (a), 245, subd. (a)(1), 236.) He was alleged to have suffered a prior conviction for assault with a firearm within the meaning of the Three Strikes law and section 667, subdivision (a), and to have served two prior prison terms within the meaning of section 667.5, subdivision (b).

On May 2, 2013, defendant pled no contest to violating section 273.5, subdivision (a) and admitted he had suffered a prior conviction for assault with a firearm, a serious felony within the meaning of the Three Strikes law. He was sentenced to eight years in prison. This appeal followed.

## DISCUSSION

Defendant's court-appointed appellate counsel filed a brief that raised no issues and asked this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436. On October 4, 2013, we sent defendant a letter informing him of

---

[1] All further statutory references are to the Penal Code.

the nature of the brief that had been filed and advising him that he had 30 days within which to file a supplemental brief setting forth issues that he wished this court to consider. On October 17, 2013, we received defendant's supplemental brief.

Defendant asserts his prior conviction for assault with a firearm does not qualify as a serious felony within the meaning of the Three Strikes law. In support of his claim, defendant submitted a copy of the preliminary hearing transcript. The victim testified that defendant's accomplice shot him at defendant's direction. Defendant argues because he did not personally use a weapon, his prior is not a serious felony. He is mistaken.

Prior to March 7, 2000, the offense of assault with a firearm was a serious felony only if the defendant personally used a firearm. However, on that date, the voters approved an initiative that added assault with a firearm in violation of section 245, subdivision (a)(2) to section 1192.7, the statute that defines a serious felony. (§ 1192.7, subd. (c)(31).) Thus, under current law, an individual who assaults another with a firearm commits a serious felony even if he or she does so as an aider and abettor. (*People v. James* (2001) 91 Cal.App.4th 1147, 1149-1151.)

After independently reviewing the record, we are satisfied that no arguable issues exist. Defendant has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, J.*

We concur:

EPSTEIN, P. J.

WILLHITE, J.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.