Filed 10/16/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>VICTOR MANUEL AGUIRRE,<br><br>    Defendant and Respondent. | 2d Crim. No. B323282<br>(Super. Ct. No. 2022007238)<br>(Ventura County) |

In 2012, the electorate passed Proposition 36, which provides that, for all offenses committed on or after November 7, 2012, determining whether a prior conviction qualifies as a serious felony conviction or "strike" must be made "upon the date of that prior conviction" and based on the relevant statute "as [it] existed on November 7, 2012." (Prop. 36, §§ 2-5, approved Nov. 6, 2012, eff. Nov. 7, 2012.) These provisions fix or lock in the status of a conviction as a strike on the date of the prior conviction. Assembly Bill No. 333 (2021-2022 Reg. Sess.) did not change that. A gang-enhanced felony committed before Assembly Bill No. 333's effective date still qualifies as a prior serious felony.

The Ventura County District Attorney charged Victor Manuel Aguirre with being a felon in possession of a firearm

(Pen. Code,[1] § 29800, subd. (a)(1)), ammunition (§ 30305, subd. (a)(1)), and a machine gun (§ 32625, subd. (a)). As to each charge it was alleged that Aguirre suffered a 2021 prior strike conviction for possessing a firearm for the benefit of a criminal street gang (§§ 186.22, subd. (b)(1), 1192.7, subd. (c)(28)). Effective January 1, 2022, Assembly Bill No. 333 amended section 186.22 to require evidence that the firearm possession provide more than a reputational benefit to the street gang. Because no such evidence supported Aguirre's prior conviction, the trial court concluded that it no longer qualified as a strike. Aguirre pleaded no contest to the three charges against him and was sentenced to two years in state prison.

The district attorney appeals, contending Aguirre's prior conviction qualifies as a strike. We agree. Because Aguirre's violation of section 186.22 qualified as a strike on the date of his conviction of that offense, it continues to qualify as a strike.[2] The trial court therefore erred when it struck the prior conviction allegations. Accordingly, we reverse.

FACTUAL AND PROCEDURAL HISTORY

In May 2022, the district attorney charged Aguirre with being a felon in possession of a firearm, ammunition, and a machine gun. As to each charge, the district attorney alleged

[1] Statutory references are to the Penal Code.

[2] Because we resolve this issue in favor of the district attorney, we need not reach his remaining contentions regarding the interplay between Assembly Bill No. 333 and Proposition 21, adopted by the voters in 2000. We also deny the district attorney's request to take judicial notice of the March 7, 2000, voter information guide because it is not relevant to our decision. (*Najarro v. Superior Court* (2021) 70 Cal.App.5th 871, 885, fn. 7.).

Aguirre had suffered a prior strike due to his 2021 conviction for being a felon in possession of a firearm for the benefit of a criminal street gang.

Aguirre moved to dismiss the prior strike allegations, contending his violation of section 186.22 no longer qualified as a serious felony conviction after the passage of Assembly Bill No. 333. Section 186.22 now provides that acting to "benefit, promote, further, or assist" a gang "means to provide a common benefit to members of a gang where the common benefit is more than reputational." (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (g).) Because the record of his prior conviction contained no evidence that his firearm possession provided more than a reputational benefit to the gang, Aguirre argued his conviction of that offense no longer qualified as a prior serious felony conviction for purposes of the Three Strikes law.

The district attorney opposed Aguirre's motion on the ground that Proposition 36, adopted by the voters in 2012, fixed the list of serious felonies as of November 7, 2012, and further requires the seriousness of a prior conviction to be determined as of the date of that conviction. Because Aguirre's violation of section 186.22 was a serious felony on the date of his conviction in 2021, it remained a serious felony.

The trial court agreed with Aguirre. It concluded his prior conviction would no longer qualify as a serious felony conviction and, on that basis, struck the prior strike allegations. Aguirre then pleaded no contest to each alleged offense, and the trial court sentenced him to two years in state prison.

DISCUSSION

Determining whether Aguirre's alleged prior conviction falls within the ambit of the Three Strikes law "presents an issue

3

of statutory interpretation for our independent review." (*In re R.G.* (2019) 35 Cal.App.5th 141, 146.) The same principles that govern our interpretation of statutes enacted by the Legislature apply to those adopted by the electorate. (*People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, 571.) "Our fundamental task is to ascertain the [electorate's] intent when it enacted [Proposition 36]." (*In re R.G.*, at p. 146.) "We begin with the . . . words [of the statutes enacted by the proposition], giving them their plain, commonsense meanings." (*Ibid.*) "We construe [those] words in [the] context of related statutes, harmonizing them whenever possible." (*Ibid.*) "We presume the [electorate] 'was aware of existing related laws' when it enacted [the statutes], and that it 'intended to maintain a consistent body of rules.'" (*Ibid.*) "We also presume the [electorate] was aware of judicial construction of those laws and that it intended the same construction to apply to related laws with identical or substantially similar language." (*Ibid.*)

*The Three Strikes law*

"The Three Strikes law was 'enacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses."'" (*People v. Henderson* (2022) 14 Cal.5th 34, 43 (*Henderson*), alterations omitted.) It "consists of two, nearly identical statutory schemes."'" (*Ibid.*) "In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to . . . section 667." (*Ibid.*) "A ballot initiative in November of the same year added a new provision, section 1170.12." (*Ibid.*)

As originally enacted, subdivision (d)(1) of section 667 stated that "[a]ny offense defined . . . in subdivision (c) of [s]ection

4

1192.7 as a serious felony" qualifies as a prior strike. (Stats. 1994, ch. 12, § 1.) Section 667, subdivision (d)(1) also stated that "[t]he determination of whether a prior conviction is a [prior strike] shall be made upon the date of that prior conviction." (Stats. 1994, ch. 12, § 1.) Subdivision (h) provided that "[a]ll references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on June 30, 1993." (Stats. 1994, ch. 12, § 1.)

Section 1170.12, added with the adoption of Proposition 184 eight months later, included the same definition of a prior strike and the same protocol for determining whether a prior felony qualified as a strike. (See Prop. 184, § 1, approved Nov. 8, 1994, eff. Nov. 9, 1994.) And like subdivision (h) of section 667, an uncodified portion of Proposition 184 provided that "[a]ll references to existing statutes [in section 1170.12] are to statutes as they existed on June 30, 1993." (See Prop. 184, § 2, approved Nov. 8, 1994, eff. Nov. 9, 1994.)

Over the succeeding three decades, various statutes and voter initiatives added to or amended the Three Strikes law. (*Henderson*, *supra*, 14 Cal.5th at p. 43.) In 2000, for example, the electorate passed Proposition 21, which added sections 667.1 and 1170.125 to the Penal Code. As enacted, these sections provided that "[n]otwithstanding subdivision (h) of [s]ection 667 [or section 2 of Proposition 184], for all offenses committed on or after [March 8, 2000], all references to existing statutes in subdivisions (c) to (g), inclusive, of [s]ection 667, [and all references to existing statutes in section 1170.12,] are to those statutes as they existed on" March 8, 2000. (Prop. 21, §§ 14 & 16, approved March 7, 2000, eff. March 8, 2000.)

Twelve years later, the electorate passed Proposition 36. Relevant here, Proposition 36 amended section 667, subdivision (h) to state that "[a]ll references to existing statutes in subdivisions (c) to (g), inclusive, are to statutes as they existed on November 7, 2012." (Prop. 36, § 2, approved Nov. 6, 2012, eff. Nov. 7, 2012.) It made similar amendments to sections 667.1 and 1170.125: "[F]or all offenses committed on or after November 7, 2012, all references to existing statutes in subdivisions (c) to (g), inclusive, of [s]ection 667, [and all references to existing statutes in section 1170.12,] are to those statutes as they existed on November 7, 2012." (Prop. 36, §§ 3 & 5, approved Nov. 6, 2012, eff. Nov. 7, 2012.) It also amended section 1170.12, subdivision (b)(1) to state that "[t]he determination of whether a prior conviction is a prior serious . . . felony conviction for purposes of this section shall be made upon the date of that prior conviction." (Prop. 36, § 4, approved Nov. 6, 2012, eff. Nov. 7, 2012.) The wording of these statutes remains unchanged today.

*Assembly Bill No. 333*

Effective January 1, 2022, Assembly Bill No. 333 amended section 186.22 in several ways. For example, the bill narrowed the definition of "criminal street gang" to mean "an ongoing, organized association or group of three or more persons . . . having as one of its primary activities the commission of one or more [enumerated] criminal acts . . . , having a common name or common identifying sign or symbol, and whose members collectively engage in, or have engaged in, a pattern of criminal gang activity." (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (f).) It modified the "pattern of criminal gang activity" element of the gang enhancement to require that the predicate offenses commonly benefiting a criminal street gang must do more than

6

affect the gang's reputation.  (Stats. 2021, ch. 699, § 3; see
§ 186.22, subd. (e).)  And it clarified that to "benefit, promote,
further, or assist" a gang "means to provide a common benefit to
members of a gang where the common benefit is more than
reputational."  (Stats. 2021, ch. 699, § 3; see § 186.22, subd. (g).)

*Analysis*

The parties agree, as do we, that the Assembly Bill No. 333
amendments apply retroactively to nonfinal cases.  (*People v.
Tran* (2022) 13 Cal.5th 1169, 1206-1207.)  But the issue is
whether those amendments retroactively alter the strike status
of Aguirre's 2021 conviction for violating section 186.22.  We
conclude that Assembly Bill No. 333 has no application here.
Because Aguirre's conviction was a serious felony within the
meaning of the Three Strikes law in 2021, it remains so today.

Pursuant to the Three Strikes law, a prior serious felony is
an "offense defined . . . in subdivision (c) of [s]ection 1192.7 as a
serious felony."  (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)  A
felony offense that "would also constitute a felony violation of
[s]ection 186.22" is listed in that subdivision.  (§ 1192.7, subd.
(c)(28).)  Gang-enhanced felonies (see § 186.22, subd. (b)(1)) are
included within this definition.  (*People v. Briceno* (2004) 34
Cal.4th 451, 462 (*Briceno*).)

Aguirre was convicted of his current offenses on or after
November 7, 2012.  Thus, for purposes of the Three Strikes law,
the references to section 1192.7, subdivision (c) in sections 667
and 1170.12 are to that subdivision as it existed on that date.
(§§ 667, subd. (h), 667.1, 1170.125; see also *People v. Johnson*
(2015) 61 Cal.4th 674, 684 (*Johnson*); *People v. Fletcher* (2023) 92
Cal.App.5th 1374, 1381 ["the definition of a serious felony for
purposes of the Three Strikes law is what constituted a serious

7

felony in 2012"], review granted Sept. 27, 2023, S281282.) In November 2012, possession of a firearm for the benefit of a criminal street gang was on the list of offenses that qualify as prior serious felonies. (§ 1192.7, subd. (c)(28); *Fletcher*, at p. 1379.) Determining whether Aguirre's alleged commission of that offense continues to qualify as a prior serious felony, and thus a strike, "shall be made upon the date of that prior conviction." (§ 1170.12, subd. (b)(1).) Aguirre was allegedly convicted of his offense in 2021. Because possession of a firearm for the benefit of a street gang was a serious felony then (*Briceno*, *supra*, 34 Cal.4th at p. 462), it is today.

That Aguirre's alleged prior conviction might no longer qualify as a gang-enhanced felony under Assembly Bill No. 333's definitions is irrelevant. As our colleagues in the Fourth District have explained, a gang-enhanced felony committed prior to 2022 continues to qualify as a serious felony because " 'the [electorate] intended that the qualifying status of a conviction would be *fixed* upon the date of the prior conviction.' " (*People v. Scott* (2023) 91 Cal.App.5th 1176, 1181 (*Scott*), review granted Sept. 27, 2023, S280776.) "This 'means that [a trial] court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense.' " (*Id.* at p. 1182, alterations omitted.) "It . . . does not matter if the definition of a strike has subsequently changed." (*Ibid.*; see also *Johnson*, *supra*, 61 Cal.4th at pp. 685-686 [sections 667.1 and 1170.125 require "bas[ing] sentencing on the most recent classification of a defendant's prior convictions," not the law in effect when the current offense was committed].)

Our conclusion comports with prior judicial interpretations of the Three Strikes law's provisions. Just one year after the

Three Strikes law's enactment, our colleagues in Division 2 of this district explained that determining " 'whether a prior offense qualifie[d] as a "strike" ' " under section 667, subdivision (d)(1) required a court to " 'look backward to see if, *at the time of the conviction of the past offense*, such past offense qualified as a [serious felony] under section 1192.7, subdivision (c)." (*People v. Green* (1995) 36 Cal.App.4th 280, 283 (*Green*), italics added.) They subsequently explained that even convictions that predated the enactment of section 1192.7 may qualify as prior serious felonies, and thus strikes, because all references to existing statutes in sections 667 and 1170.12 were to the statutes as they existed on June 30, 1993. (*People v. Moenius* (1998) 60 Cal.App.4th 820, 826-827 [citing section 667, subdivision (h), and section 2 of Proposition 184]; see also *Moenius*, at pp. 826-827 [compiling cases in accord]; *Gonzales v. Superior Court* (1995) 37 Cal.App.4th 1302, 1311 (*Gonzales*) [Three Strikes law applies to felonies that "fit the definition of a 'serious felony' . . . on the relevant date"].) And after the adoption of Proposition 21, they explained that, pursuant to sections 667.1 and 1170.125 as they then read, determining "whether a prior conviction alleged as a serious felony [was] a prior strike" hinged on whether the offense was defined as a serious felony on March 8, 2000. (*People v. James* (2001) 91 Cal.App.4th 1147, 1151 (*James*), cited with approval by *Johnson, supra*, 61 Cal.4th at p. 684; accord, *Manduley v. Superior Court* (2002) 27 Cal.4th 537, 577, fn. 11 [noting that offenses added to list of serious felonies between 1993 and 2000 did not qualify as strikes until passage of Proposition 21].)

For purposes of the narrow issue presented in this case, Proposition 36 did no more than adjust the "relevant date"

(*Gonzales*, *supra*, 37 Cal.App.4th at p. 1311) set forth in sections 667, 667.1, and 1170.125. That date is now November 7, 2012. A gang-enhanced felony could qualify as a serious felony, and hence a strike, on that date. Under the reasoning of *Green, supra*, 36 Cal.App.4th 280 and its progeny, it still can.

Aguirre's reliance on *People v. Farias* (2023) 92 Cal.App.5th 619, review granted September 27, 2023, S281027, is misplaced. The issue in *Farias* was whether the defendant's 2009 conviction for active participation in a criminal street gang could provide the basis for imposing a five-year serious felony enhancement under section 667, subdivision (a)(1). (*Farias*, at pp. 626, 639.) That issue is not relevant here for two reasons. First, interpretation of one of the elements of the gang participation offense changed when the Supreme Court decided *People v. Rodriguez* (2012) 55 Cal.4th 1125. (*Farias*, at pp. 645-648.) Here, we consider the impact of a legislative enactment, not a judicial decision. The two have different retroactive effects: the former operates prospectively, while the latter operates retrospectively. (See *Scott, supra*, 91 Cal.App.5th at pp. 1183-1184, review granted.) Second, Proposition 36's lock-in provisions apply to the Three Strikes law, not to serious felony enhancements. (See §§ 667, subd. (h), 667.1, 1170.125.)

We conclude that, to determine whether a gang-enhanced felony conviction qualifies as a prior strike, Proposition 36's lock-in provisions require a trial court to examine whether the "offense resulting in that conviction was a serious felony within the meaning of the [T]hree [S]trikes law on" the date the conviction occurred. (*James, supra*, 91 Cal.App.4th at p. 1151.) The court below struck the gang-strike allegations against Aguirre based on the amended version of section 186.22, rather

10

than on the statute as it existed when Aguirre was convicted. In doing so, the trial court erred. (*James*, *supra*, 91 Cal.App.4th at p. 1151.)

*Conclusion*

When it enacted Assembly Bill No. 333, the Legislature found that gang enhancements have not been shown to reduce crime or violence. (Stats. 2021, ch. 699, § 2.) The Legislature also found that these enhancements have been applied inconsistently and disproportionately against people of color. (*Ibid.*) They have additionally been applied to minor crimes—despite being intended to target "crimes committed by violent, organized criminal street gangs"—and have been used to "legitimize severe punishment." (*Ibid.*)

These are valid concerns. But it is not the province of this court to apply legislative concerns to a statutory scheme the Legislature has left unchanged. As we have previously said, "it is exclusively within the province of the Legislature to set the penalty for criminal conduct." (*People v. Galvez* (2011) 195 Cal.App.4th 1253, 1260; see also *In re Lynch* (1972) 8 Cal.3d 410, 414.) Therefore, if the provisions of Assembly Bill No. 333 are to apply to the use of gang-enhanced felonies when sentencing under the Three Strikes law, it is the Legislature (or electorate)—not this court—that must amend the lock-in provisions that have been in place since the passage of Proposition 36.

## DISPOSITION

The judgment is vacated, and the July 19, 2022, order granting Aguirre's motion to dismiss the strike allegations is reversed. The matter is remanded to the trial court for further proceedings.

CERTIFIED FOR PUBLICATION.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

Derek D. Malan, Judge

Superior Court County of Ventura

_____

Erik Nasarenko, District Attorney, and Thomas Frye, Deputy District Attorney, for Plaintiff and Appellant.

Claudia Y. Bautista, Public Defender, and Thomas M. Hartnett, Deputy Public Defender, for Defendant and Respondent.