Filed 8/15/24  P. v. Alvarez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JUAN ALVAREZ,<br><br>Defendant and Appellant. | F087027<br><br>(Super. Ct. No. 20CR-02663)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Merced County.  Steven K. Slocum, Judge.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, and Erin Doering, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant Francisco Juan Alvarez appeals from a judgment of conviction and sentence entered following remand for resentencing.  (See *People v. Alvarez* (May 3,

2023, F084095 [nonpub. opn.]) (*Alvarez*).)[1]  He argues Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) applies retroactively to the court's finding that he previously suffered a "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e)).[2]  He further contends application of Assembly Bill 333 in the manner he proposes would not constitute an improper legislative amendment to Propositions 21 and 36.

We conclude Assembly Bill 333 does not apply retroactively to the court's determination of whether a prior conviction constitutes a strike.  Defendant's prior conviction constituted a strike on the date of that prior conviction and therefore remains a strike today.  (*People v. Gonzalez* (2024) 98 Cal.App.5th 1300, 1311 (*Gonzalez*), review granted Apr. 10, 2024, S286060.)  We therefore do not reach the issue of whether application of Assembly Bill 333 to such finding would involve an improper legislative amendment to Proposition 21, an initiative measure approved by the electorate in the March 2000 primary election, or Proposition 36, otherwise known as the Three Strikes Reform Act of 2012.

We affirm, but remand for the court to correct a clerical error in the abstract of judgment.

## PROCEDURAL HISTORY[3]

On June 1, 2021, a jury convicted defendant of first degree murder (§§ 187, subd. (a), 189; count 1), being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 2); being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 3); premeditated attempted murder (§§ 187, subd. (a), 189, 664; count 4); assault with a

---

[1] On our own motion, we take judicial notice of our opinion in *Alvarez*, *supra*, F084095.

[2] All further undesignated statutory references are to the Penal Code unless otherwise stated.

[3] We dispense with a statement of facts as the facts underlying the offenses are not relevant to this appeal.

deadly weapon, to wit, a car (§ 245, subd. (a)(1); count 5); battery (§ 242; count 6); felony evading (Veh. Code, § 2800.2, subd. (a); count 7); resisting arrest (§ 148, subd. (a)(1); count 8); and being a felon in possession of ammunition (§ 30305, subd. (a)(1); count 9). On count 1, the jury found true a firearm enhancement pursuant to section 12022.53, subdivision (d). On count 4, the jury found true a weapon use enhancement pursuant to section 12022, subdivision (b)(1). On counts 1 and 4, the jury made true findings on gang allegations pursuant to section 186.22, subdivision (b)(5). On counts 2, 3, 5, and 6, the jury made true findings on gang allegations pursuant to section 186.22, subdivision (b)(1)(A). In bifurcated proceedings, the parties stipulated, and the court found, that defendant had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), which also constituted a strike (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(e)). The prior conviction allegations were based on a 2019 conviction in Merced County Superior Court case No. 19CR-03747 (case No. 19CR-03747) for carrying a loaded firearm as a member of a criminal street gang (§ 25850, subd. (c)(3)), which offense requires proof of active participation in a criminal street gang pursuant to section 186.22.

On July 30, 2021, the court sentenced defendant to an aggregate sentence of 80 years to life plus one year four months.[4] The court sentenced defendant on count 1 to a term of 25 years to life, doubled to 50 years to life due to the prior strike finding. The court exercised its discretion and "decline[d] to impose sentence" on the associated firearm and prior serious felony enhancements. The court sentenced defendant on each of counts 2 and 3 to the upper term of three years, doubled to six years due to the prior

---

[4] On the same date, the court determined defendant violated his probation in case No. 19CR-03747 and sentenced him to a consecutive eight-month term for the offense in that case. The abstract of judgment mistakenly notes this to be an eight-year term, although the total time calculated on the abstract appears to be correctly based on the eight-month term. This error was repeated in the amended abstract of judgment following resentencing, which correctly calculates the total time based on an eight-month term but lists the sentence for this offense as an eight-year term. We will order the abstract of judgment corrected to reflect the eight-month term imposed by the court.

3.

strike finding, plus an additional upper term of four years for the gang enhancement, stayed pursuant to section 654.  The court sentenced defendant on count 4 to a term of 15 years to life, doubled to 30 years to life based on the prior strike.  The court again exercised its discretion and declined to impose sentence on the weapon use and prior serious felony enhancements.  The court sentenced defendant on count 5 to the upper term of four years, doubled to eight years due to the prior strike, and stayed pursuant to section 654.  The court declined to impose sentence on the associated gang and prior serious felony enhancements.  On count 6, the court sentenced defendant to a concurrent upper term of three years, doubled to six years due to the strike.  On count 7, the court imposed a consecutive middle term sentence of eight months, doubled due to the strike to one year four months.  On count 8, a misdemeanor, the court imposed no additional time.  On count 9, the court imposed a concurrent upper term of three years.

Defendant appealed.  Relevant here, he argued Assembly Bill 333[5] applied retroactively to his case and the evidence was insufficient to support true findings on the gang enhancements and prior strike under the amended law.  (*Alvarez*, *supra*, F084095.)  The People conceded Assembly Bill 333 applied retroactively to the gang enhancements and that remand was required for retrial and resentencing.  We accepted the People's concession and "dismiss[ed] the gang enhancements," vacated the sentence and remanded for retrial and/or resentencing.  (*Alvarez*, *supra*, F084095.)  However, we declined to address defendant's argument that insufficient evidence supported the prior strike finding.  We instead stated that our decision "[did] not foreclose [defendant's]

---

[5] "Effective January 1, 2022, Assembly Bill … 333 amended the language of section 186.22 to modify the showing necessary to prove gang offenses and gang enhancements."  (*Gonzalez, supra,* 98 Cal.App.5th at p. 1308, review granted.)

ability to address the applicability of Assembly Bill 333 to his 2019 conviction at his later resentencing date."[6] (*Alvarez, supra*, F084095.)

Resentencing proceedings were conducted on October 13, 2023. The People confirmed they did not intend to seek retrial of the gang enhancements. Defense counsel pointed out that our decision left open "the issue of whether … [defendant] has suffered a prior strike" and asked for a trial on that issue. The court stated the strike prior was not dismissed and the prosecutor stated she "did not read anything [in the prior opinion] about a re-sentencing on the defendant's prior strike admission." The court did not further the address the strike finding and proceeded to sentence defendant.

The court imposed an aggregate sentence of 64 years to life, plus four years eight months. On count 1, the court again sentenced to defendant to a term of 50 years to life. On each of counts 2 and 3, the court imposed a middle term sentence of two years, doubled to four years due to the prior strike, and stayed pursuant to section 654. On count 4, the court imposed a term of seven years to life, doubled to 14 years to life due to the strike. Additionally, on the weapon use enhancement, the court imposed one-third of one year, i.e., four months, doubled to eight months due to the strike. On count 5, the court imposed a middle term of three years, doubled to six years due to the strike, and stayed pursuant to section 654. On count 6, the court imposed a concurrent six-month jail term. On count 7, the court imposed the middle term of two years, doubled to four years due to the strike. On count 8, the court imposed a concurrent term of 364 days. On count 9, the court imposed a concurrent term of two years, doubled to four years due to the strike.

---

[6] To the extent our prior opinion may have suggested defendant could challenge his *conviction* in case No. 19CR-03747 following remand, we now make clear that only the court's strike finding in the instant case, case No. 20CR-02663, is properly before us.

## DISCUSSION

Defendant argues Assembly Bill 333 applies to all nonfinal judgments which, in this case, includes the court's finding that he suffered a prior strike based on a gang-related felony. He further contends that, because the strike finding was not proved under the amended law, it must be reversed.

Several courts, including this one, have addressed and rejected similar arguments. (*Gonzalez, supra,* 98 Cal.App.5th at p. 1305, review granted [Assembly Bill 333 does not alter the requirements for a true finding on a prior strike allegation]; *People v. Aguirre* (2023) 96 Cal.App.5th 488, 491, review granted Jan. 10, 2024, S282840 (*Aguirre*) [same]; *People v. Scott* (2023) 91 Cal.App.5th 1176, 1184, review granted Sept. 27, 2023, S280776 (*Scott*) [same]; see *People v. Fletcher* (2023) 92 Cal.App.5th 1374, 1379, review granted Sept. 27, 2023, S281282 (*Fletcher*) [application of Assembly Bill 333 to prior strike finding would constitute improper legislative amendment of Proposition 36]; but see *People v. Farias* (2023) 92 Cal.App.5th 619, 653–654, review granted Sept. 27, 2023, S281027 [suggesting, without analysis, that Assembly Bill 333 would apply to a prior strike finding on remand].) Additionally, our Supreme Court has granted review to address this question. (*Fletcher,* 92 Cal.App.5th 1374, review granted.)

We agree with those courts that have concluded Assembly Bill 333 does not change the status of defendant's conviction as a prior strike. As we explained in *Gonzalez*: "The plain language of the Three Strikes law compels the conclusion that the status of defendant's prior conviction as a strike was fixed upon the date of his prior conviction. (§ 1170.12, subd. (b)(1); see § 667, subd. (d)(1); see also *Aguirre, supra,* 96 Cal.App.5th at p. 491, review granted; *Scott, supra*, 91 Cal.App.5th at p. 1181, review granted.)" (*Gonzalez, supra,* 98 Cal.App.5th at p. 1311, review granted.) Defendant was convicted of his prior offense in 2019.[7] Because the gang-related felony was a strike then

_____

[7] The parties do not dispute that defendant's prior gang-related felony became final before the effective date of Assembly Bill 333. A " 'judgment is not final until the

(see § 1192.7, subd. (c)(28); see also §§ 667, subd. (d)(1), 1170.12, subd. (b)(1)), it remains so today.

"Additionally, defendant was convicted of his current offenses on or after November 7, 2012. Thus, for purposes of the Three Strikes law, the references to section 1192.7, subdivision (c) in sections 667 and 1170.12 are to that subdivision as it existed on November 7, 2012.[8] (§§ 667, subd. (h), 667.1, 1170.125; see *People v. Johnson* [(2015)] 61 Cal.4th [674,] 684; *Fletcher, supra,* 92 Cal.App.5th at p. 1381, review granted ['the definition of a serious felony for purposes of the Three Strikes law is what constituted a serious felony in 2012'].)" (*Gonzalez, supra,* 98 Cal.App.5th at p. 1311, review granted.) On November 7, 2012, defendant's gang-related felony qualified as a serious felony. (§ 1192.7, subd. (c)(28).) "Thus, on all relevant dates, defendant's conviction constituted a strike. Assembly Bill … 333 did not change that status." (*Gonzalez,* at p. 1311, review granted.)

Defendant's arguments to the contrary were rejected by this court in *Gonzalez.* First, defendant contends that "[t]he language in the Three Strikes law, which states

---

time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) Defendant did not appeal the judgment of conviction and sentence in case No. 19CR-03747 and the time for such appeal expired prior to the effective date of Assembly Bill 333. (Cf. *People v. Esquivel* (2021) 11 Cal.5th 671, 673 ["[A] case in which a defendant is placed on probation with execution of an imposed state prison sentence suspended is not yet final … if the defendant may still timely obtain direct review of an order revoking probation and causing the state prison sentence to take effect"].)

**8** Defendant contends that interpreting Propositions 21 and 36 "as having locked in the statutory elements of the of the gang statute for purposes of the Three Strikes law" would lead to absurd and unreasonable consequences. (Boldface omitted.) For example, defendant suggests that a defendant charged with a gang-enhanced felony in a current case would face one set of jury instructions in determining whether the gang enhancement was true, and another set of jury instructions for determining whether the offense constituted a serious felony pursuant to section 1192.7, subdivision (c)(28). Ultimately, however, it is the court that will decide, in a future proceeding, the legal question of whether such conviction constitutes a strike for purposes of the Three Strikes law. (*People v. Epps* (2001) 25 Cal.4th 19, 23–24.)

whether a prior felony is a strike offense must be determined on 'the date of that prior conviction' " does not fix the status of a prior conviction as a strike on the date of that prior conviction.  (Boldface omitted.)  Rather, defendant argues, this language merely "provide[s] a reference point (the date of conviction) for determining whether a conviction is for a felony or misdemeanor."  (Quoting *People v. Sipe* (1995) 36 Cal.App.4th 468, 478.)

"Both section 667 and section 1170.12 provide that '[any] offense defined … in subdivision (c) of [s]ection 1192.7 as a serious felony' qualifies as a prior strike.  (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1).)"  (*Gonzalez, supra,* 98 Cal.App.5th at p. 1306, review granted.)  "Section 1170.12 also provides that '[t]he determination of whether a prior conviction is a prior serious … felony conviction for purposes of this section shall be made upon the date of that prior conviction.'  (§ 1170.12, subd. (b)(1).)  Section 667, subdivision (d)(1), contains a similar provision with slightly different wording:  'The determination of whether a prior conviction is a prior felony conviction for purposes of subdivisions (b) to (i), inclusive, shall be made upon the date of that prior conviction.' " (*Ibid*.)

We acknowledged in *Gonzalez* that courts had reached differing interpretations of these provisions.  (See *Gonzalez, supra,* 98 Cal.App.5th at pp. 1307, 1314, fn. 8, review granted.)  On the one hand, "[m]any courts have interpreted these provisions to mean that the question of whether a prior offense constitutes a strike is determined by whether the prior offense qualified as a strike at the time of the prior conviction.  (E.g., *People v. Green* (1995) 36 Cal.App.4th 280, 283 … [holding that, pursuant to § 667, subd. (d)(1), 'the court is presently required to look backward to see if, at the time of the conviction of the past offense, such past offense qualified as a serious or violent offense under section 1192.7, subdivision (c) or section 667.5, subdivision (c)']; *People v. Anderson* (1995) 35 Cal.App.4th 587, 600 … ['Clearly, the Legislature intended that the qualifying status of a conviction would be fixed upon the date of the prior conviction, so that no

8.

subsequent actions … could alter that status.']; *People v. Reed* (1995) 33 Cal.App.4th 1608, 1611 ['the determination whether an offense is a "strike" must be made *with reference* to the date of the prior conviction'].)" (*Gonzalez,* at p. 1307, review granted.) On the other hand, other courts have determined the language of section 667, subdivision (d)(1) "merely governs the determination of ' "whether the prior conviction 'is a prior *felony* conviction' rather than a conviction for a misdemeanor." ' " (*Gonzalez, supra,* 98 Cal.App.5th at p. 1314, fn. 8, review granted, citing *Farias*, *supra*, 92 Cal.App.5th at p. 652, review granted, and *People v. Sipe, supra,* 36 Cal.App.4th at p. 478.) Ultimately, we resolved this conflict in favor of the former view. (*Gonzalez*, at pp. 1311, 1313–1314, fn. 8.) Defendant's arguments do not persuade us to depart from that analysis.

Defendant also relies on *People v. Strike* (2020) 45 Cal.App.5th 143 to argue the court must look to current law to determine whether a prior felony constitutes a strike. In *Strike*, the Court of Appeal considered whether the defendant's prior conviction for violation of section 186.22, subdivision (a) constituted a strike. (*Strike*, at p. 146.) In the time between his plea to violation of section 186.22 and the strike determination, our Supreme Court clarified that felony gang participation requires a gang member to commit a felony offense with one or more members of his gang, rather than alone. (*Strike*, at p. 146; see *People v. Rodriguez* (2012) 55 Cal.4th 1125, 1128.) Thus, to find that the offense constituted a strike, the People were required to prove that the plea included an admission that the felony offense was committed with another gang member. (*Strike,* at p. 154.)

As we explained in *Gonzalez, Strike* involved a judicial interpretation of section 186.22 that was declaratory of the law in existence at the time of the defendant's conviction. (*Gonzalez, supra,* 98 Cal.App.5th at p. 1313, review granted.) In contrast, "Assembly Bill … 333 is a statutory amendment and was not declaratory of previously existing law. It does not alter our understanding of the elements of the gang enhancement

9.

under the version of section 186.22 in effect at the time defendant's prior conviction became final, and therefore cannot change the status of defendant's prior conviction as a prior strike." (*Ibid.*, fn. omitted.)

Finally, defendant argues application of Assembly Bill 333 to the Three Strikes law would not constitute an improper legislative amendment to Proposition 21 or Proposition 36. As defendant acknowledges, *Fletcher* holds to the contrary and this issue is now pending before our Supreme Court. (*Fletcher, supra,* 92 Cal.App.5th at p. 1381, review granted.) Because we conclude Assembly Bill 333 does not apply retroactively to the court's prior strike finding, we need not address this issue in this appeal.

In sum, Assembly Bill 333 does not alter the court's finding that defendant suffered a prior strike conviction. Accordingly, we affirm.

## DISPOSITION

The matter is remanded for the court to correct the abstract of judgment to reflect that the sentence imposed on count B01 is for a term of eight months, rather than eight years. As corrected, the judgment is affirmed. The trial court shall prepare and forward to all appropriate parties a certified copy of the amended abstract of judgment.


POOCHIGIAN, Acting P. J.

WE CONCUR:


DETJEN, J.


SMITH, J.

10.